IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNIS EARL GATSON, TDCJ No. 1702500, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:23-cv-50-G-BN |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE <u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Kennis Earl Gatson, a Texas prisoner,

> was charged with aggravated sexual assault with a deadly weapon, and two prior felony convictions were alleged for the enhancement of punishment. A jury found him guilty, and he was sentenced to seventy-five years' confinement. On May 30, 2012, the Fifth District Court of Appeals affirmed the judgment.
> On October 24, 2012, the Texas Court of Criminal Appeals (TCCA) refused Petitioner's petition for discretionary review [ ]. He filed an application for state writ of habeas corpus on September 11, 2013. It was denied by the TCCA on March 21, 2018, without a written order on the findings of the trial court without a hearing.

*Gatson v. Davis*, No. 3:18-cv-974-M-BH, 2019 WL 1904306, at *1 (N.D. Tex. Mar. 27, 2019) (citations omitted), *rec. accepted*, 2019 WL 1896603 (N.D. Tex. Apr. 29, 2019) (denying Gatson's initial *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254 attacking this state criminal judgment), *C.O.A. denied and affirmed*, 813 F. App'x 980 (5th Cir. 2020) (per curiam), *cert. denied*, 141 S. Ct. 2732 (2021).

Against this procedural background, Gatson returns to federal district court *pro se* to again request relief under Section 2254, asserting (again) that he is actually

innocent, *see* Dkt. Nos. 3, 4, an application that Senior United States District Judge A. Joe Fish referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The undersigned enters these findings of fact, conclusions of law, and recommendation that, because the Court lacks jurisdiction to consider the successive petition, this action should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

"A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction. But he may not usually make a 'second or successive habeas corpus application.'" *Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (quoting 28 U.S.C. § 2244(b)). As such, Section 2244

> lays out the requirements for filing successive petitions, serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second.
> ...
> Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

The current Section 2254 petition is successive. Gatson previously exercised

his "one fair opportunity to seek federal habeas relief from his conviction." *Banister*, 140 S. Ct. at 1702. And his current petition raises defects in the conviction that "existed ... at the time of the [first federal] petition ... even if the legal basis for the attack was not" known to Gatson when he filed the initial Section 2254 action. *Leal Garcia*, 573 F.3d at 222; *see also Ramos v. Davis*, 653 F. App'x 359, 364 (5th Cir. 2016) (per curiam) ("Where a petitioner seeks 'to add a new ground for relief' that was or could have been raised in an earlier federal habeas application" – including a claim of actual innocence – a court "must treat it as a second or successive habeas petition." (quoting *Williams v. Thaler*, 602 F.3d 291, 305 (5th Cir. 2010) (citing, in turn, *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)))).[1]

Because the current claims are successive, Gatson's failure to first obtain authorization from the Fifth Circuit under 28 U.S.C. § 2244(b)(3) deprives the district court of jurisdiction to consider the current Section 2254 application. *See, e.g.*, *Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from

---

[1] *See also In re Will*, 970 F.3d 536, 540 (5th Cir. 2020) (per curiam) ("So even though Will did not know of the State's alleged *Brady* violation at the time he filed his first habeas petition, it is still subject to AEDPA's statutory requirements for filing a successive petition." (citation omitted)); *Leal Garcia*, 573 F.3d at 221 ("[P]etitioners filing later habeas petitions [may not] assert that, because the evidence was not previously discovered or discoverable, the claim was unavailable; therefore, the later petition is non-successive.… AEDPA forbids such a reading: Section 2244(b)(2)(B)(i) states that claims based on a *factual* predicate not previously discoverable are successive."); *Blackman v. Stephens*, No. 3:13-cv-2073-P-BN, 2015 WL 694953, at *6 (N.D. Tex. Feb. 18, 2015) ("Petitioner's claims raised in her third federal habeas application attack purported defects that existed or claims that were ripe at the time of the prior applications even though Petitioner claims that the evidence to support and identify those claims was not previously discovered or discoverable." (citing *Leal Garcia*, 573 F.3d at 221-22)).

the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)).

But, as this appears to be Gatson's first successive federal habeas petition as to this state conviction, the Court should cure this want of jurisdiction by transferring the habeas application to the Fifth Circuit for appropriate action. *See* 28 U.S.C. § 1631.

## Recommendation

The Court should transfer Petitioner Kennis Earl Gatson's successive application for a writ of habeas corpus under 28 U.S.C. § 2254 to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

- 5 -

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 18, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE